UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAURICIO HENRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | Case No. 23-cv-01025-AMO<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Jose Henriquez is a noncitizen from El Salvador who is currently in U.S. Immigration and Customs Enforcement ("ICE") custody while defending his removal proceedings. He has been in immigration detention since June 24, 2020. It has been fourteen months since he received an individualized determination of whether he poses a risk of flight or a danger to his community. He brings this petition for habeas corpus, asking the Court to order his immediate release or a bond hearing at which the Government must demonstrate that further detention is warranted.

Respondents Merrick B. Garland, the United States Attorney General; Alejandro Mayorkas, Secretary of the Department of Homeland Security; Tae Johnson, Acting Director of Immigration and Customs Enforcement; and Moises Becerra, Field Office Director for ICE's San Francisco Field Office, oppose the Petition, arguing that the Court lacks jurisdiction, and that Henriquez is not entitled to a bond hearing.

Having reviewed the arguments and record in this case, the Court **GRANTS** the Petition in part. The Government must provide Mr. Henriquez with a constitutionally sufficient bond hearing before an Immigration Judge within **14 days** from the date of this Order, where the Government will bear the burden of proving by clear and convincing evidence that Henriquez remains a flight risk or danger to the community. If the Immigration Judge does not issue a decision within **14**

**days** of the bond hearing, Henriquez **SHALL** be released from detention.

## I.     BACKGROUND

Henriquez is a fifty-six-year-old citizen of El Salvador.  Henriquez Decl. (ECF 1-1) ¶ 1.  In 1989, he fled violence in El Salvador and came to the United States, becoming a lawful permanent resident in 2002.  *Id*. ¶¶ 1, 12.  He has two U.S. citizen sons, a lawful permanent resident stepson, and a lawful permanent resident wife.  *Id.* ¶ 1.  In 2014, Henriquez was convicted of two counts under California Penal Code § 288(a) for Lewd or Lascivious Acts with a Child under Fourteen.  Petition (ECF 1) ¶¶ 34, 81.  He pled *nolo contedere* and was sentenced to eight years on each count, to run concurrently.  *Id.* ¶ 31; Claudia Valenzuela Decl. (ECF 1-2) ¶ 3.  Until his conviction, he lived in California and maintained steady employment.  *Id.* ¶¶ 13-16.

Henriquez has been in ICE custody since June 24, 2020, when he was released from state custody and immediately taken into ICE custody pursuant to 8 U.S.C. § 1226(c).  Henriquez Decl. ¶¶ 30-32.  The parties do not dispute that Henriquez is subject to mandatory detention under Section 1226(c).  Petition ¶ 34; Return (ECF 18) at 29.  In the last year, Henriquez's mental and physical health have declined, and he has been newly diagnosed with health conditions that have impacted his ability to work with his attorneys.  Henriquez Decl. ¶¶ 32, 35-45; Valenzuela Decl. ¶¶ 22-29.

In February of 2022, Henriquez filed a habeas petition in this Court before Judge Davila.  Petition ¶ 41; *Henriquez v. Garland*, No. 5:22-CV-00869-EJD, 2022 WL 2132919, at *1 (N.D. Cal. June 14, 2022) ("*Henriquez I*"), *appeal dismissed*, No. 22-16205, 2022 WL 18587903 (9th Cir. Dec. 28, 2022).  Judge Davila granted the Petition, ordering an individualized bond hearing where the Government bore the burden of showing clear and convincing evidence justifying Henriquez's continued detention.  *Henriquez I*, 2022 WL 2132919, at *6.  An Immigration Judge held a bond hearing on July 14, 2022.  Valenzuela Decl. ¶ 16.  Henriquez submitted a psychological evaluation showing a low chance of his recidivism, and documents supporting the extensive parole requirements he would be subject to upon release.  *Id.* ¶¶ 18-19.  The Immigration Judge denied bond on July 14, 2022, and Henriquez appealed the bond denial to the Board of Immigration Appeals ("BIA") on August 18, 2022.  *Id.* ¶ 20.  The BIA affirmed the

1     Immigration Judge's bond denial on December 28, 2022.  *Id.*

2           Henriquez applied to re-adjust his status through his U.S. citizen son and for deferred
3     removal under the Convention Against Torture ("CAT").  *Id.* ¶ 5.  The Immigration Judge denied
4     both applications on November 9, 2021.  *Id.* ¶ 6.  Henriquez appealed the denials, and the BIA
5     remanded the case for proper consideration of the evidence in the CAT deferral application.  *Id.*
6     On remand, the Immigration Judge denied the CAT deferral claim and ordered Henriquez's
7     removal.  *Id.* ¶ 7; Byran Spurling Decl. Ex. 12 (ECF 18-2).  On June 14, 2022, Henriquez appealed
8     the Immigration Judge's order to the BIA.  Valenzuela Decl. ¶ 9.  Henriquez filed a motion to
9     remand with the BIA on August 4, 2022, with new evidence that had become available.
10    Valenzuela Decl. ¶ 7.  He also filed an appeal with the BIA on August 8, 2022, challenging the
11    Immigration Judge's removal order on the merits.  *Id.* ¶ 9.  On March 6, 2022, the BIA dismissed
12    the motion to remand and appeal on the merits.  *Id.* ¶ 10.  Henriquez subsequently filed a petition
13    for review of the BIA decision with the Ninth Circuit on March 6, 2022, and moved for a stay of
14    removal.  *Id.*  His removal is stayed pending the Ninth Circuit's decision.  *Id.*

15    **II.     JURISDICTION**

16          Henriquez filed this habeas petition pursuant to 28 U.S.C. § 2241, which allows district
17    courts to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).
18    Henriquez asserts that his continued detention violates his due process rights under the Fifth
19    Amendment of the United States Constitution, the Declaratory Judgment Act, the All Writs Act,
20    and the Rehabilitation Act, naming the Director of the San Francisco Field Office as one of the
21    respondents.  Petition ¶¶ 11-13.  Respondents argue that the Court lacks jurisdiction because
22    jurisdiction is only proper in the district of confinement—the Eastern District of California.
23    Return at 16-18.

24          As the Court explained in detail in *Henriquez I*, jurisdiction is proper in the Northern
25    District of California.  2022 WL 2132919, at *3-4.  "Courts in this district repeatedly have held,
26    both before and since *Lopez-Marroquin*, that *Padilla* does not extend to cases such as this one
27    where the immediate custodian lacks any actual authority over the immigrant detainee."  *Domingo*
28    *v. Barr*, No. 20-cv-06089-YGR, 2020 WL 5798238, at *2 (N.D. Cal. Sept. 29, 2020) (collecting

*United States District Court*
*Northern District of California*

3

cases). Mesa Verde, where Henriquez is detained, is a private detention facility, and therefore lacks any actual authority over immigrant detainees. *Henriquez I*, 2022 WL 2132919, at *4.

Since the Director of the San Francisco Field Office is the proper respondent and falls within this Court's jurisdiction, it is of little consequence where Petitioner is detained so long as he remains in the Director's custody. *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1187 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-44 (2004)); *see, e.g.*, *Pham v. Becerra*, No. 23-CV-01288-CRB, 2023 WL 2744397, at *3-4 (N.D. Cal. Mar. 31, 2023) (jurisdiction proper where petitioner held in private facility in the Eastern District of California but San Francisco Field Office Director was named as respondent); *see also Salesh P. v. Kaiser*, No. 22-CV-03018-DMR, 2022 WL 17082375, at *5 (N.D. Cal. Nov. 18, 2022) (collecting cases in the Northern District finding jurisdiction over immigration habeas petitions filed by persons detained by the San Francisco Field Office Director within the Eastern District).

## III.   ENTITLEMENT TO RELEASE

Henriquez argues that his continued detention violates his Fifth Amendment substantive due process rights, and the Court should order his release. Petition ¶ 68. In the alternative, he asks that the Court order a second bond hearing to protect his right to procedural due process. *Id.* ¶ 90.[1] Finally, Henriquez argues that he should be released from custody as a reasonable accommodation under Section 504 of the Rehabilitation Act ("Section 504"). *Id.* ¶ 115, 134. The Court first considers Henriquez's claim for a second bond hearing under the procedural due process framework laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

---

[1] Henriquez additionally argues that the initial bond hearing he received was not a sufficiently "strict procedural safeguard" because the Immigration Judge failed to hold the Government to the required "clear and convincing" burden necessary to justify Henriquez's civil detention by relying solely on the fact of Henriquez's conviction. Petition ¶¶ 97-98. However, the record shows that the IJ gave "significant weight" to other evidence, such as the nature of the conviction, the underlying facts, the victim's age, Henriquez's position of trust as a family member, the impact of the offense, and the fact that Henriquez received the maximum sentence on each of the counts. ECF 18-2 at 150-151 154. This Court may not review the IJ's discretionary determination of dangerousness. *See Martinez v. Clark*, 36 F.4th 1219, 1228-29 (9th Cir. 2022). As such, the question before this Court is whether Henriquez is entitled to a second bond hearing.

4

### A. Procedural Due Process

Due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (citations omitted). Under the three-part *Mathews* test, courts determine whether Section 1226(c), as applied, satisfies due process. *Id.* at 335. Under *Mathews*, courts consider (1) the individual's private interest that will be impacted by the official action, (2) the risk of erroneous deprivation of that interest and the probable value of additional procedural safeguards, and (3) the government's interest. *Id.*

The Supreme Court has left open the question of whether prolonged detention of a noncitizen violates their constitutional right to due process. *Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827, 1835 (2022); *Jennings v. Rodriguez*, 138 S. Ct. 830, 850-51 (2018) (holding that the statutory language of Section 1226 does not require periodic bond hearings every 6 months, and remanding to lower courts to decide in the first instance whether the Constitution requires periodic bond determinations). The Government asserts that under *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), due process does not require a second hearing. Return at 26. However, in *Rodriguez Diaz*, the Ninth Circuit considered whether a second bond hearing was constitutionally required where a noncitizen is detained under Section 1226(a) but did not consider it in the context of Section 1226(c). 53 F.4th at 1200-02. While the court did not find that a second bond hearing was necessary based on the circumstances, it held that "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration context." *Id.* at 1206. The Ninth Circuit has also recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c). The district court directives flow not from statutory text, but from due process." *Martinez*, 36 F.4th at 1223.

This Court finds persuasive that when significant time has passed since a prior bond hearing, a petitioner may seek a second procedurally compliant bond hearing under *Mathews*. *See, e.g.*, *Sahota v. Allen*, No. 20-CV-03180-WHO, 2020 WL 2992872, at *6 (N.D. Cal. June 4, 2020) ("given the length of time of his detention, particularly that it has been almost two years since his last bond hearing, the question is whether his detention has become unduly prolonged and whether

5

1  he should be released or provided a new procedurally compliant bond hearing under *Matthews v.*
2  *Eldridge*"); *Rajnish v. Jennings*, No. 3:20-CV-07819-WHO, 2020 WL 7626414, at *1 (N.D. Cal.
3  Dec. 22, 2020) (nine months since last bond hearing); *De Paz Sales v. Barr*, No. 19-CV-04148-
4  KAW, 2019 WL 4751894, at *6-7 (N.D. Cal. Sept. 30, 2019) (fourteen months since last bond
5  hearing).  Accordingly, the Court applies the *Mathews* test to consider whether due process
6  requires that Henriquez receive a second bond hearing at this juncture.

7  Under the first *Mathews* factor, as Judge Davila explained in *Henriquez I*, "[a]lthough
8  detention during removal proceedings is constitutionally permissible, Petitioner has a liberty
9  interest to be free from arbitrary or unreasonable imprisonment." 2022 WL 2132919, at *5.
10 Respondents do not meaningfully contest that Henriquez has a liberty interest in being free from
11 detention.

12 However, Respondents contend that Henriquez's liberty interest is diminished because he
13 "prolonged his own proceedings" through multiple requests for continuances and applications for
14 discretionary relief.  Return at 12-13, 21-22.  Respondent's arguments are unpersuasive.
15 Henriquez has an "overwhelming interest" to be free from government custody or detention
16 "regardless of the length of his immigration detention." *Perera v. Jennings*, No. 21-CV-04136-
17 BLF, 2021 WL 2400981, at *4 (N.D. Cal. June 11, 2021) (citing *Zadvydas v. Davis*, 533 U.S. 678,
18 690 (2001) ("[f]reedom from imprisonment—from government custody, detention, or other forms
19 of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects")).  Even
20 assuming Henriquez's continuances caused his continued detention, many of the delays
21 Respondents cite to occurred prior to the initial bond hearing, Return at 12-13, which do not factor
22 into this Court's analysis of whether Due Process requires a subsequent bond hearing.  Moreover,
23 Respondents do not contend, nor is there evidence to suggest, that Henriquez purposely delayed
24 the proceedings.  Indeed, "[t]he duration and frequency of [such] requests do not diminish [an
25 immigrant detainee's] significant liberty interest in his release or his irreparable injury of
26 continued detention without a bond hearing." *Hernandez Gomez v. Becerra*, No. 23-CV-01330-
27 WHO, 2023 WL 2802230, at *4 (N.D. Cal. Apr. 4, 2023); *see also Masood v. Barr*, No. 19-CV-
28 07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal and remand motion

1 are perfectly legitimate proceedings [petitioner] is legally entitled to pursue, and it ill suits the
2 United States to suggest that he could shorten his detention by giving up these rights. . . .").
3 Accordingly, the first *Mathews* factor weighs in Henriquez's favor.

4 Second, the Court considers the risk of erroneous deprivation of Henriquez's rights absent
5 another bond hearing. Respondents argue that there has not been "any material change relevant to
6 his dangerousness since that prior bond hearing and appeal." Return at 24. However, Henriquez
7 has now been held for 14 months since his last bond hearing and for over three years in ICE
8 custody. Henriquez Decl. ¶¶ 30-31; Valenzuela Decl. ¶ 16. Additionally, Henriquez has new
9 evidence to present to an Immigration Judge regarding his mental health, its impact on his ability
10 to work with his counsel to defend his immigration case, and newly diagnosed medical issues
11 requiring medication. Petition ¶¶ 52-58; Valenzuela Decl. ¶ 27; Henriquez Decl. ¶¶ 35-45.
12 Accordingly, the Court concludes there have been material developments since Henriquez's last
13 bond hearing that could impact an Immigration Judge's consideration of Henriquez's flight risk or
14 dangerousness. *See, e.g.*, *Sahota*, 2020 WL 2992872 at *6 (granting a new bond hearing given
15 length of time since last bond hearing and changed circumstances).

16 Under the final prong of the *Mathews* test, the Court considers the Government's interest.
17 Here, the Government interest at issue is the "ability to detain [an immigrant detainee] *without*
18 *providing him with another bond hearing*, not whether the government may continue to detain
19 him." *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019) (emphasis in original);
20 *see also Zerezghi v. United States Citizenship & Immigr. Servs.*, 955 F.3d 802, 810 (9th Cir. 2020)
21 (citing *Mathews*, 424 U.S. at 335) (noting that the third factor considers the "burdens that the
22 additional or substitute procedural requirement would entail," not the government's substantial
23 interest in immigration enforcement "in general"). This interest may increase as a noncitizen's
24 removal "becomes more imminent." *Rodriguez Diaz*, 53 F.4th at 1208. However, because the
25 question before the Court is whether to require another bond hearing where the Government must
26 demonstrate that Henriquez remains a danger to the community or is a flight risk, the
27 Government's interest is not meaningly diminished. *See Perera*, 2021 WL 2400981 at *5; *see*
28 *also Diaz v. Becerra*, No. 22-CV-09126-DMR, 2023 WL 3237421, at *8 (N.D. Cal. May 2, 2023)

(same); *Hernandez Gomez*, 2023 WL 2802230 at *4 (same).

Having weighed the *Mathews* factors, the Court concludes that Henriquez's continued detention without an individualized bond hearing violates his Fifth Amendment due process rights.

For the same reasons that the Court required the Government to bear the burden of justifying Petitioner's continued detention in *Henriquez I*, this Court finds that the Government "must prove by clear and convincing evidence that [Henriquez] is a flight risk or a danger to the community to justify denial of bond." *See Singh*, 638 F.3d at 1203-04; *Doe v. Garland*, No. 3:22-CV-03759-JD, 2023 WL 1934509, at *2 (N.D. Cal. Jan. 10, 2023) (holding that the government bears the burden in a constitutionally required bond hearing in the Section 1226(c) context post-*Rodriguez-Diaz*); *Salesh P.*, 2022 WL 17082375, at *9 ("[a]t the hearing, the government must justify his continued detention [under § 1226(c)] by establishing by clear and convincing evidence that he is a flight risk or a danger to the community"); *see also Hernandez Gomez*, 2023 WL 2802230 at *4 (collecting cases that the government bears the burden of proof).

Because the Court grants Henriquez's habeas petition on this basis, it need not and does not consider Henriquez's remaining arguments.

///
///
///
///
///
///

## CONCLUSION

The Court **GRANTS** Henriquez's Petition in part, and **ORDERS** that the Government provide him with a constitutionally compliant bond hearing before an Immigration Judge within **14 days** from the date of this Order. The Government shall bear the burden of proving by clear and convincing evidence that Henriquez is a flight risk or a danger to the community. If the Immigration Judge does not issue a decision within **14 days** of the bond hearing, Henriquez **SHALL** be released from detention. The parties shall file a joint status report of the outcome of

the bond hearing within **45 days** of the bond hearing.

**IT IS SO ORDERED.**

Dated: September 25, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**